S:\FILES\5677_MERIDIAN PRODUCTS\LEGAL+DISCOVERY\5677_COMPLAINT_FINAL.DOC

KENNEDY LILLIS SCHMIDT & ENGLISH
John T. Lillis, Jr., Esq.
75 Maiden Lane, Suite 402
New York, New York 10038-4816
Telephone: 212-430-0800
Telecopier: 212-430-0810
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASPEN SPECIALTY INS. CO., a/s/o Meridian Seafood Products, Inc., and MERIDIAN SEAFOOD PRODUCTS, INC.,<br><br>               Plaintiffs,<br><br>- v. -<br><br>MANUEL HUERTA TRUCKING, INC.,<br><br>               Defendant. | 13 Civ.   (   )<br><br>**COMPLAINT** |

Plaintiffs, Aspen Specialty Ins. Co. ("Aspen") and Meridian Seafood Products, Inc. ("Meridian"), by and through their attorneys, Kennedy Lillis Schmidt & English, allege upon information and belief as follows:

## INTRODUCTION

1. This is an action for breach of three contracts of interstate motor carriage arising from physical damage caused to cargos of frozen shrimp ("Cargo"), owned by Meridian and underwritten by Aspen (collectively "Plaintiffs"), tendered, in three interstate shipments, to Defendant Manuel Huerta Trucking, Inc. ("MHT"). Further, because MHT agreed to settle

Plaintiffs' claim arising out of one of the three shipments but failed to honor that agreement, this is also an action for breach of a settlement agreement.

## PARTIES

2. Meridian was and is a corporation organized and existing under the laws of the State of Delaware with an office and place of business at 4 North Street Suite 600 Waldwick, New Jersey 07463.

3. Meridian was the shipper of the subject Cargo.

4. Aspen was and is a corporation organized and existing under the laws of the State of Massachusetts with an office and place of business at 125 Summer Street, Suite 300, Boston, Massachusetts 02110.

5. Aspen insured the Cargo and paid Meridian's full damages, less Meridian's deductible, arising from the losses described herein. Therefore, Aspen is subrogated to the extent of its payments to Meridian.

6. MHT was and is a corporation organized and existing under the laws of the State of Arizona with an office and place of business at 21 Kipper Street, Rio Rico, Arizona 85648.

7. MHT was and is engaged in business as inland motor carrier of goods for hire and, in that capacity, maintains routes into or through New Jersey.

## JURISDICTION & VENUE

8. This action involves the interstate shipment of cargo by a motor carrier in the United States. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 49 U.S.C. § 14706 (the "Carmack Amendment") and 28 U.S.C. § 1337(a).

9. Venue is proper in this Honorable Court pursuant to 49 U.S.C. 14706(d).

## THE SHIPMENTS

### SHIPMENT 1

10. On or about 27 October 2011, Meridian tendered approximately 600 cartons of Cargo ("Shipment 1"), then in good order and condition, to MHT.

11. MHT, in consideration for certain freight charges, which were paid in full, agreed and undertook to transport, in interstate motor carriage, Shipment 1 to Buena Park, California and there to deliver it to Buena Park Cold Storage in like good order and condition, and without exceptions, as when received by MHT.

12. On or about 27 October 2011, after receiving Shipment 1, MHT issued Delivery Receipt No. 8968, which noted no damages or exceptions to the sound condition of Shipment 1's Cargo.

13. Thereafter, on or about 28 October 2011, MHT delivered Shipment 1 to Buena Park Cold Storage but not in the same good order and condition as when received by MHT, rather in damaged condition.

14. As a direct and proximate result of the damage caused, Meridian incurred disposal, reprocessing, and other additional costs and expenses that would not have been incurred but for the damage caused by MHT.

15. By reason of the foregoing, Plaintiffs sustained damages relating to Shipment 1, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount of $39,750.

### SHIPMENT 2

16. On or about 13 October 2011, Meridian tendered approximately 600 cartons of Cargo ("Shipment 2"), then in good order and condition, to MHT.

17. MHT, in consideration for certain freight charges, which were paid in full, agreed and undertook to transport, in interstate motor carriage, Shipment 21 to Richmond, Virginia and there to deliver it to Sealand Food, Inc. in like good order and condition, and without exceptions, as when received by MHT.

18. On or about 13 October 2011, after receiving Shipment 2, MHT issued Delivery Receipt No. 8315, which noted no damages or exceptions to the sound condition of Shipment 2's Cargo.

19. Thereafter, on or about on 17 October 2011, MHT delivered Shipment 2 to Sealand Food, Inc. but not in the same good order and condition as when received by MHT, rather in damaged condition.

20. As a direct and proximate result of the damage caused, Meridian incurred disposal, reprocessing, and other additional costs and expenses that would not have been incurred but for the damage caused by MHT.

21. By reason of the foregoing, Plaintiffs sustained damages relating to Shipment 2, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount of $48,825.

### SHIPMENT 3

22. On or about 25 October 2011, Meridian tendered approximately 600 cartons of Cargo ("Shipment 3"), then in good order and condition, to MHT.

23. MHT, in consideration for certain freight charges, which were paid in full, agreed and undertook to transport, in interstate motor carriage, Shipment 3 to Buena Park, California and there to deliver it to Buena Park Cold Storage in like good order and condition, and without exceptions, as when received by MHT.

24. On or about 25 October 2011, after receiving Shipment 3, MHT issued Delivery Receipt No. 9031S, which noted no damages or exceptions to the sound condition of Shipment 3's Cargo.

25. Thereafter, on or about 31 October 2011, MHT delivered Shipment 3 to Buena Park Cold Storage but not in the same good order and condition as when received by MHT, rather in damaged condition.

26. As a direct and proximate result of the damage caused, Meridian incurred disposal, reprocessing, and other additional costs and expenses that would not have been incurred but for the damage caused by MHT.

27. By reason of the foregoing, Plaintiffs sustained damages relating to Shipment 1, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount of $43,950.

## MHT ACCEPTED RESPONIBILITY FOR AND AGREED TO PAY FOR THE DAMAGE IT CAUSED TO SHIPMENT 1

28. After the Cargo was discovered damaged, Plaintiffs asserted claims against MHT for the damages they incurred in relation to Shipments 1, 2, and 3.

29. On 18 March 2013, MHT denied responsibility for Shipments 2 and 3 but admitted responsibility and agreed to pay Plaintiffs' full damages for Shipment 1 ($39,750).

30. Despite admitting responsibility and agreeing to pay $39,750, MHT failed to pay Plaintiffs $39,750 to account for the damages sustained by the Cargo involved in Shipment 1.

## FIRST CAUSE OF ACTION RELATING TO SHIPMENT 1:
## BREACH OF SETTLEMENT AGREEMENT

31. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-30 with like force and effect as though fully set forth at length herein.

32. On 18 March 2013, MHT admitted responsibility and agreed to pay Plaintiffs' full damages for Shipment 1 ($39,750).

33. In consideration for MHT's promise, Plaintiffs declined to then file suit on that claim.

34. Despite admitting responsibility and agreeing to pay $39,750 and receiving good consideration therefor, MHT failed to pay Plaintiffs $39,750 to account for the damages sustained by the Cargo involved in Shipment 1.

35. As a direct and proximate result of the foregoing breach of contract, MHT has caused the Plaintiffs to sustain damages, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount of $39,750.

36. By reason of the foregoing, MHT is liable to Plaintiffs in the principal amount of $39,750, plus all allowable interest, costs, disbursements, and attorneys' fees.

## SECOND CAUSE OF ACTION RELATING TO SHIPMENT 1: BREACH OF A CARRIAGE CONTRACT SUBJECT TO THE CARMACK AMENDMENT

37. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-36 with like force and effect as though fully set forth at length herein.

38. In exchange for certain freight charges paid by Meridian, MHT agreed to transport Shipment 1 in interstate motor carriage.

39. MHT, as an interstate motor carrier of merchandise for hire subject to the Carmack Amendment, owed duties to transport, handle, carry, keep, care for, and deliver Shipment 1 in the same good order and condition as when received by MHT.

40. In breach of those duties, MHT failed to deliver Shipment 1 in the same good order and condition as when received by MHT.

41. As a direct and proximate result of the foregoing, MHT has caused the Plaintiffs to sustain damages for Shipment 1, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount of $39,750.

42. By reason of the foregoing, MHT is liable to Plaintiffs for the damage caused to Shipment 1 in the principal amount of $39,750, plus all allowable interest, costs, disbursements and attorneys' fees.

## FIRST CAUSE OF ACTION RELATING TO SHIPMENT 2: BREACH OF A CARRIAGE CONTRACT SUBJECT TO THE CARMACK AMENDMENT

43. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-42 with like force and effect as though fully set forth at length herein.

44. In exchange for certain freight charges paid by Meridian, MHT agreed to transport Shipment 2 in interstate motor carriage.

45. MHT, as an interstate motor carrier of merchandise for hire subject to the Carmack Amendment, owed duties to transport, handle, carry, keep, care for, and deliver Shipment 2 in the same good order and condition as when received by MHT.

46. In breach of those duties, MHT failed to deliver Shipment 2 in the same good order and condition as when received by MHT.

47. As a direct and proximate result of the foregoing, MHT has caused the Plaintiffs to sustain damages for Shipment 2, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount of $48,825.

48. By reason of the foregoing, MHT is liable to Plaintiffs for the damage caused to Shipment 2 in the principal amount of $43,950, plus all allowable interest, costs, disbursements and attorneys' fees.

## FIRST CAUSE OF ACTION RELATING TO SHIPMENT 3: BREACH OF A CARRIAGE CONTRACT SUBJECT TO THE CARMACK AMENDMENT

49. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1-48 with like force and effect as though fully set forth at length herein.

50. In exchange for certain freight charges paid by Meridian, MHT agreed to transport Shipment 3 in interstate motor carriage.

51. MHT, as an interstate motor carrier of merchandise for hire subject to the Carmack Amendment, owed duties to transport, handle, carry, keep, care for, and deliver Shipment 3 in the same good order and condition as when received by MHT.

52. In breach of those duties, MHT failed to deliver Shipment 3 in the same good order and condition as when received by MHT.

53. As a direct and proximate result of the foregoing, MHT has caused the Plaintiffs to sustain damages for Shipment 3, as nearly as can now be determined, no part of which has been paid although duly demanded, in the principal amount of $39,750.

54. By reason of the foregoing, MHT is liable to Plaintiffs for the damage caused to Shipment 3 in the principal amount of $39,750, plus all allowable interest, costs, disbursements and attorneys' fees.

WHEREFORE, Plaintiffs demand judgment in their favor and against MHT in the total principal amount of $132,525 plus all allowable interest thereon, costs, disbursements, attorneys' fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       November 6, 2013

KENNEDY LILLIS SCHMIDT & ENGLISH
Attorneys for Plaintiffs
ASPEN SPECIALTY INS. CO., a/s/o Meridian Seafood Products, Inc., and MERIDIAN SEAFOOD PRODUCTS, INC.

By: _____
John T. Lillis, Jr., Esq.
75 Maiden Lane, Suite 402
New York, New York  10038-4816
Telephone:  212-430-0800